Case 18-11058-MBK    Doc 59    Filed 08/15/20    Entered 08/16/20 00:24:28    Desc Imaged
Certificate of Notice    Page 1 of 9

STATISTICAL INFORMATION ONLY Debtor must select number of each of the following items included in the Plan
0 Valuation of Security    0 Assumption of Executory Contract or Unexpired Lease    1 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  Gloriann M. Walker

Case No..:  18-11058
Judge:  MBK

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

[ ] Original  
[ ] Motions Included  
[✓] Modified/Notice Required  
[ ] Modified/No Notice Required  

Date:  August 6, 2020

**THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE.**

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

THIS PLAN:

[ ] DOES [✓] DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[ ] DOES [✓] DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

SECOND INTEREST. SEE MOTIONS SET FORTH IN PART 7 AND

| Initial Debtor(s)' Attorney | BCT | Initial Debtor: | GMW | Initial Co-Debtor | |

## Part 1: Payment and Length of Plan

a. The debtor has paid to date 54,691.00 and shall pay 100.00 Monthly to the Chapter 13 Trustee, starting on 9/1/2020 for approximately 12 months then shall pay 1917.00 Monthly to the Chapter 13 Trustee, starting on 9/1/2021 for approximately 29 months

b. The debtor shall make plan payments to the Trustee from the following sources:
  - [v] Future Earnings
  - [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
  - [ ] Sale of real property
    Description:
    Proposed date for completion:

  - [ ] Refinance of real property:
    Description:
    Proposed date for completion:

  - [ ] Loan modification with respect to mortgage encumbering property:
    Description:
    Proposed date for completion:

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection       [X] NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Albert Russo | Administrative | per statute |
| Bruce C. Truesdale | Attorney Fees | 2,000.00 |

2

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| SPS | 275 Hazlitt Way Somerset, NJ 08873 Somerset County | 97,498.74 | 0.00 | 97,498.74 | per mortgage note |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| Carriage Homes at Quailbrook HOA | 275 Hazlitt Way Somerset, NJ 08873 Somerset County | 14,285.00 | 256,500.00 | 357,244.00 | 0.00 | 0.00 | 0.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

e. Surrender ✓ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

f. Secured Claims Unaffected by the Plan   NONE

The following secured claims are unaffected by the Plan:

Creditor
Global Lending Services

g. Secured Claims to be Paid in Full Through the Plan ✓ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |

### Part 5: Unsecured Claims    ☐ NONE

a. Not separately classified allowed non-priority unsecured claims shall be paid:

☐ Not less than $ ___ to be distributed *pro rata*

☐ Not less than ___ percent

✓ *Pro Rata* distribution from any remaining funds

b. Separately classified unsecured claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

4

## Part 7: Motions   ☐ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ✓ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ✓ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Carriage Homes at Quailbrook HOA | 275 Hazlitt Way Somerset, NJ 08873 Somerset County | 14,285.00 | 256,500.00 | 357,244.00 | 0.00 | 14,285.00 (or entire amount of lien) |

c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ✓ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

a. Vesting of Property of the Estate
   ✓ Upon Confirmation
   ☐ Upon Discharge

b. Payment Notices
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

5

c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

d. Post-Petition Claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification   ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified:   February 2019

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| February 2019<br>Two creditors previously set to be paid in full through the plan have failed to file proofs of claims (OC5, LLC and Sequoia Investments)<br>August 2020<br>Debtor has realized a reduction in income due to Covid-19. | February 2019<br>Part 4g has been amended to remove payments to OC5, LLC and Sequoia investments.<br>August 2020<br>Part 1 has been amended the Debtor's plan term by extending the plan for 12 months with the next 12 months beginning 9/1/2020 having a reduced plan payment amount. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:   August 6, 2020        /s/ Gloriann M. Walker
                              Gloriann M. Walker
                              Debtor

Date:
                              Joint Debtor

6

Date   August 6, 2020                           /s/ Bruce C. Truesdale
                                                Bruce C. Truesdale
                                                Attorney for the Debtor(s)

```
                        United States Bankruptcy Court
                              District of New Jersey
```

In re:                                                          Case No. 18-11058-MBK
Gloriann M. Walker                                              Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3    User: admin        Page 1 of 2        Date Rcvd: Aug 13, 2020
                       Form ID: pdf901      Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 15, 2020.
```
db             +Gloriann M. Walker,    275 Hazlitt Way,    Somerset, NJ 08873-4939
517283677      +Carriage Homes at Quailbrook HOA,    c/o Hill Wallack LLP,    21 Roszel Road,    Po Box 5226,
                 Princeton, NJ 08543-5226
517383818      +Carriage Homes at Quailbrook Homeowners,    Association, Inc.,    c/o Hill Wallack LLP,
                 21 Roszel Road, P.O. Box 5226,    Princeton, NJ 08543-5226
517283678     #+First Credit Services,    377 Hoes Lane,    Suite 200,    Piscataway, NJ 08854-4155
517283681      +OC5 , LLC / US Bank Cust for PC5,    50 South 16th Street,    Suite 2050,
                 Philadelphia, PA 19102-2516
517286547      +Orion,    c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517283682      +Sequoia Investments,    PO Box 5600,    Woodbridge, NJ 07095-0988
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 14 2020 00:12:49     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 14 2020 00:12:44     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517283676      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 14 2020 00:21:05      Capital One Bank USA,
                 Po Box 30261,    Salt Lake City, UT 84130-0261
517283679       E-mail/Text: bankruptcy@glsllc.com Aug 14 2020 00:11:43      Global Lending Services,
                 PO Box 10437,    Greenville, SC 29603
517323454       E-mail/Text: bankruptcy@glsllc.com Aug 14 2020 00:11:43      Global Lending Services LLC,
                 1200 Brookfield Blvd Ste 300,    Greenville, South Carolina 29603
517283680       E-mail/PDF: pa_dc_claims@navient.com Aug 14 2020 00:22:43      Navient,    PO Box 9500,
                 Wilkes Barre, PA 18773-9500
517335448       E-mail/Text: GUARBKe-courtdocs@ascendiumeducation.org Aug 14 2020 00:11:51
                 Navient Solutions, LLC on behalf of,    Great Lakes Higher Education,    Guaranty Corp.,
                 GLHEC and Affiliates,    PO BOX 8961,    Madison, WI 53708-8961
517332369      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 14 2020 00:21:08
                 Orion Portfolio Services LLC,    c/o PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
517283683      +E-mail/Text: jennifer.chacon@spservicing.com Aug 14 2020 00:13:25      SPS,    PO Box 65250,
                 Salt Lake City, UT 84165-0250
517298115      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Aug 14 2020 00:22:59      T Mobile/T-Mobile USA Inc,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517423198       E-mail/Text: jennifer.chacon@spservicing.com Aug 14 2020 00:13:25
                 U.S. Bank, N.A., successor trustee,    c/o Select Portfolio Servicing, Inc.,    P.O. Box 65250,
                 Salt Lake City, UT 84165-0250
                                                                                              TOTAL: 11
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517283684    ##+Trident Asset Management,    53 Perimeter Center East,    Suite 440,    Atlanta, GA 30346-2230
                                                                                   TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 15, 2020                                    Signature:  /s/Joseph Speetjens

```
District/off: 0312-3            User: admin              Page 2 of 2              Date Rcvd: Aug 13, 2020
                                Form ID: pdf901          Total Noticed: 18
```

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 12, 2020 at the address(es) listed below:

```
          Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert   Russo    docs@russotrustee.com
          Andrew M. Lubin    on behalf of Creditor    U.S. Bank, N.A., successor trustee to LaSalle Bank
           National Association, on behalf of the holders of Bear Stearns Asset Backed Securities I Trust
           2005-FR1, Asset-Backed Certificates Series 2005-FR1 bkecf@milsteadlaw.com,
           alubin@milsteadlaw.com
          Bruce C. Truesdale    on behalf of Debtor Gloriann M. Walker brucectruesdalepc@gmail.com,
           bctpcecf@gmail.com;r49787@notify.bestcase.com
          Denise E. Carlon    on behalf of Creditor   Global Lending Services, LLC dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Elizabeth K. Holdren    on behalf of Creditor   Carriage Homes at Quailbrook Condominium
           Association, Inc. eak@hillwallack.com,  jhanley@hillwallack.com;hwbknj@hillwallack.com
          Michael M Khalil    on behalf of Debtor Gloriann M. Walker mkhalilecf@gmail.com
          Rebecca Ann Solarz    on behalf of Creditor   Global Lending Services, LLC rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 9
```